Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CHRISTIAN M. BELLO COLÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202400429 | *REVISIÓN ADMINISTRATIVA* procedente de la División de Remedios Administrativos<br><br>Caso número: CDO-147-24 |

Panel integrado por su presidenta, la jueza Ortiz Flores, la jueza Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Jueza Ponente

## S E N T E N C I A

En San Juan, Puerto Rico, a 18 de septiembre de 2024.

Comparece ante nos, por derecho propio, la parte recurrente, Christian M. Bello Colón, mediante un recurso de revisión judicial, y solicita que revisemos la determinación emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación el 4 de junio de 2024, notificada el 17 del mismo mes y año. Mediante el referido dictamen, en esencia, la agencia denegó la solicitud de remedio administrativo promovida por el recurrente.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida. Veamos.

### I

El 2 de mayo de 2024, recibida el 21 del mismo mes y año, Christian M. Bello Colón (Bello Colón o recurrente) instó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o recurrido).[1] En la misma, indicó que cumplía con una

---

[1] *Solicitud de Remedio Administrativo* en el apéndice del recurso. Véase, además, expediente administrativo, págs. 4-7.

Número Identificador

SEN2024 _____

sentencia de trece (13) años de prisión por violaciones al Artículo 182 del Código Penal de Puerto Rico de 2012, Ley Núm. 146-2012, según enmendada, 33 LPRA sec. 5252, y el Artículo 5.04 de la Ley de Armas de Puerto Rico, Ley Núm. 404-2000, según enmendada, 25 LPRA sec. 458c (derogada). En particular, Bello Colón solicitó que se le aplicara la Ley Núm. 66-2022, relacionada con ciertas bonificaciones. En virtud de ello, reclamó un cuarenta por ciento (40%) de bonificaciones adeudadas, para un total de 1,872 días, de conformidad con la citada Ley, por esta ser aplicable a toda persona sentenciada a cumplir un término de reclusión.

Evaluado lo anterior, el 4 de junio de 2024, notificada el 17 del mismo mes y año, el DCR emitió la determinación que nos ocupa, mediante la cual denegó el remedio solicitado.[2] En la misma, anejó copia de la respuesta del área concernida, la cual reza como sigue:

> Las bonificaciones otorgadas bajo la Ley [Núm.] 66[-2022,] aprobada el 19 de julio [de] 2022, son de aplicabilidad a toda persona sentenciada que se encuentra disfrutando de un permiso concedido bajo un Programa de Rehabilitación o disfrutando la Libertad Bajo Palabra[.]
>
> La Ley [Núm.] 66[-2022] se expresa de la siguiente forma en su p[á]gina 2:
>
> "Toda persona sentenciada a cumplir [un] término de reclusión en cualquier institución antes de la vigencia del Código Penal de Puerto Rico, que esté disfrutando de un permiso concedido a tenor con los dispuestos en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o disfrutando de libertad bajo palabra…"
>
> Usted cumple por el Art. 182 ([Có]digo [Penal de] 2012), delito al que se le aplicó bonificación conforme a la Ley [Núm.] 87[-2020] y cumple por el Art. 5.04 LA, delito por [el] cual no bonifica conforme a las disposiciones de la Ley de Armas[,] [Ley Núm.] 142[-2013].[3]

---

[2] *Respuesta al Miembro de la Población Correccional* en el apéndice del recurso. Véase, además, expediente administrativo, págs. 8-9.
[3] Íd. (Énfasis omitido).

En desacuerdo, el 18 de junio de 2024, Bello Colón presentó una *Solicitud de Reconsideración*, en la cual indicó que el privilegio de libertad bajo palabra coexistía con un sistema de bonificación por buena conducta, trabajo, estudio y servicios excepcionalmente meritorios a personas sentenciadas.[4] Por ello, entendía que le era aplicable la bonificación bajo la precitada Ley Núm. 66-2022.

Atendida la solicitud, el 8 de julio de 2024, notificada al día siguiente, el DCR emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*, mediante la cual modificó y, así modificada, confirmó la determinación impugnada.[5] En específico, fundamentó su decisión de la siguiente forma:

> […]

> Se le clarifica, Sr. Christian M. Bello Colón, usted está cumpliendo una sentencia de 13 años, por los delitos [estatuidos en el] Art. 182 [del Código Penal de 2012 y en el] Art. 5.04 [de la derogada Ley de Armas]. Su máximo de sentencia est[á] para [el] 1 de febrero de 2029 y su mínimo [para el] 1 de febrero de 2024. La Ley [Núm.] 66[-2022], indica que es [aplicable] para toda persona sentencia[da] que se encuentre cumpliendo un término de reclusión, estando bajo un programa de rehabilitación o disfrutando de libertad bajo palabra, es que podrá beneficiarse de dicha ley.

> […]

Inconforme aún, el 18 de julio de 2024, recibida en la Secretaría de este Foro el 5 de agosto del mismo año, la parte recurrente presentó el presente recurso de revisión judicial. En su escrito, el recurrente impugna la determinación administrativa antes indicada y, entre otros, nos solicita que la dejemos sin efecto.

En cumplimiento con nuestra *Resolución* del 29 de agosto de 2024, la parte recurrida compareció mediante *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* el 13 de septiembre del mismo año.

---

[4] *Solicitud de Reconsideración* en el apéndice del recurso. Véase, además, expediente administrativo, págs. 10-12.
[5] *Respuesta Reconsideración al Miembro de la Población Correccional* en el apéndice del recurso. Véase, además, expediente administrativo, págs. 13-18.

Con el beneficio de la comparecencia de las partes, así como la copia certificada del expediente administrativo, procedemos a resolver.

**II**

**A**

Sabido es que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024; *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta. Es por ello que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 2024 TSPR 29, 213 DPR ___ (2023).

En *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.* Véase, además, *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, supra, y *Super Asphalt v. AFI y otro*, supra, pág. 819.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*

Bajo este supuesto, la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9675 (LPAU), estableció "el marco de revisión judicial de las determinaciones de las agencias administrativas". *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.,* págs. 35-36; *OEG v. Martínez Giraud,* supra; *Torres Rivera v. Policía de PR*, supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores*, supra, pág. 217. Nuestro Máximo Foro ha expresado que esta

intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley". *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.; OEG v. Martínez Giraud,* supra; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. Sec. 4.5 de la LPAU, 3 LPRA sec. 9675; *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627. No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Íd.*

El Tribunal Supremo de Puerto Rico ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Torres Rivera v. Policía de PR,* supra, págs. 627-628; *OEG v. Martínez Giraud*, supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud*, supra, pág. 11.

**B**

La Sección 19 del Artículo VI de nuestra Constitución establece que será política pública "reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. ELA, LPRA, Tomo I. A raíz de ello, el Artículo 5, inciso f del Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendado, conocido como el *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, 3 LPRA Ap. XVIII, Art. 5(f) (Plan de Reorganización Núm. 2-2011), le reconoce al DCR la facultad y deber de "ampliar los programas de educación y trabajo para que impacten a toda la población correccional que interese participar y asegure la aplicación correcta de los sistemas de bonificación por trabajo y estudio que permitan las leyes aplicables".

Conforme a ello, los Artículos 11 y 12 del Plan de Reorganización Núm. 2-2011, 3 LPRA Ap. XVIII, Art. 11 y 12, establecen el modo en que se deben computar las bonificaciones, ya sea por buena conducta y asiduidad o por estudio, trabajo y servicios. Ahora bien, originalmente, el Artículo 11 disponía que las bonificaciones solo aplicaban a personas sentenciadas previo a la vigencia del Código Penal de 2004, ya que el mismo eliminó las bonificaciones automáticas por buena conducta y asiduidad. Debido a ello, para efectos de la aplicación de las bonificaciones, la población penal se dividió en: (1) aquellos sentenciados bajo el Código Penal de 1974, los cuales cuentan con derecho a las bonificaciones; y (2) en los sentenciados bajo el Código Penal de 2004, los cuales no tienen derecho a las bonificaciones por buena conducta y asiduidad. Véase, Exposición de Motivos de la Ley Núm. 87-2020.

Ante las incongruencias de dicho esquema de bonificaciones, la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 87-2020, para enmendar el Artículo 11 del Plan de Reorganización Núm. 2-2011, *supra*, con el fin de extenderle a toda la población correccional la oportunidad de solicitar la aplicación de las bonificaciones por buena conducta y asiduidad, sin distinción del Código Penal mediante el cual fueron sentenciados. La mencionada enmienda indicaba lo siguiente:

> Toda persona sentenciada a cumplir término de reclusión en cualquier institución, antes de la vigencia del Código Penal de Puerto Rico de 2004, que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o disfrutando de libertad bajo palabra, que observare una buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra. Exposición de Motivos de la Ley Núm. 87-2020.

No obstante, nuestra Asamblea Legislativa nuevamente enmendó el mencionado Artículo para reiterar que las bonificaciones también les aplicaban a aquellas personas convictas que estuvieren disfrutando de los beneficios de libertad bajo palabra, puesto que no se estaban concediendo. Véase, Exposición de Motivos de la Ley Núm. 66-2022. En particular, la Legislatura expresó que la Rama Ejecutiva había interpretado que los programas del DCR y de la Junta de Libertad Bajo Palabra (JLBP) eran distintos y mutuamente excluyentes y que, a diferencia de las instituciones correccionales, la JLBP no tenía una estructura administrativa para clasificar ni proveer tratamiento a las personas convictas liberadas. *Íd.* Por consiguiente, se aclaró que:

> Estando la Junta de Libertad Bajo Palabra adscrita al Departamento de Corrección y Rehabilitación, no debe existir impedimento alguno para que se maximicen los recursos y se cumpla con el claro mandato legislativo de que las personas acogidas al privilegio de libertad bajo palabra también puedan reducir sus sentencias

utilizando el mecanismo de bonificaciones. Exposición de Motivos de la Ley Núm. 66-2022.

En vista de ello, mediante la Ley Núm. 66-2022, nuestra Asamblea Legislativa incluyó un párrafo aclaratorio al Artículo 11 del Plan de Reorganización Núm. 2-2011, *supra*, el cual dispone que:

> Las rebajas de términos de sentencias dispuestas en este Artículo por buena conducta y asiduidad, aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico o delito cometido bajo cualquier ley penal especial que en sus disposiciones no las excluya, independientemente se encuentre dentro de una institución correccional o esté cumpliendo el restante de su sentencia de reclusión a través de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o se encuentre disfrutando de libertad bajo palabra. 3 LPRA Ap. XVIII, Art. 11.

En cuanto al Artículo 12 del Plan de Reorganización Núm. 2-2011, *supra*, el cual establece lo relacionado a las bonificaciones por trabajo, estudio o servicios, antes de ser enmendado por la Ley Núm. 66-2022, solo autorizaba al Secretario o Secretaria del DCR a conceder las bonificaciones. Sin embargo, la Ley Núm. 66-2022 enmendó el aludido Artículo para aclarar que las bonificaciones adicionales aplicarán a las personas convictas independientemente bajo qué Código Penal se hubiese sentenciado. Igualmente, debido a que no se estaba aplicando a aquellas personas convictas que se encontraban en libertad bajo palabra, incluyeron a la persona Presidenta de la JLBP como funcionaria autorizada para conceder las bonificaciones por estudio y trabajo.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

### III

La parte recurrente le solicita a esta Curia que revoquemos la determinación emitida por el DCR el 4 de junio de 2024. En virtud de esta, el referido organismo administrativo denegó la bonificación

solicitada por el recurrente bajo el fundamento de que la Ley Núm. 66-2022 no le era de aplicación a este, ya que no se encontraba disfrutando de un permiso concedido bajo un Programa de Rehabilitación o disfrutando de Libertad Bajo Palabra. Sobre ese particular, el recurrente sostiene que el referido estatuto es aplicable a toda persona sentenciada a cumplir un término de reclusión. En vista de ello, solicita que le aplique un cuarenta por ciento (40%) de bonificaciones adeudadas, para un total de 1,872 días, de conformidad con la citada Ley.

Luego de un examen sosegado del expediente ante nos, así como de la ley aplicable, entendemos que la interpretación planteada por la parte recurrente no refleja la intención de la Asamblea Legislativa en la promulgación de la Ley Núm. 66-2022. Dicho estatuto condiciona la aplicabilidad de las bonificaciones exclusivamente a las personas sentenciadas a cumplir un término de reclusión que: (1) se estén beneficiando de un permiso concedido a tenor con lo dispuesto en el Plan de Reorganización Núm. 2-2011, *supra*, (2) que participen de un programa de rehabilitación, o (3) que estén disfrutando de libertad bajo palabra. Si bien el recurrente se encuentra extinguiendo su sentencia en una institución carcelaria, del expediente que nos ocupa no surge que este participe de alguno de los beneficios antes mencionados. Es decir, contrario a lo propuesto por la parte recurrente, la Ley Núm. 66-2022 no le es de aplicación a las personas convictas que únicamente se encuentran extinguiendo una pena de reclusión.

Conforme a lo anterior, el recurrente no cumple con los requisitos exigidos por nuestro ordenamiento jurídico para aplicarle las bonificaciones solicitadas. Del recurso ante nos tampoco se desprende razón alguna para intervenir con la decisión impugnada. La determinación del DCR se presume correcta y merece nuestra

deferencia. Por tanto, no le asiste la razón a la parte recurrente en el presente reclamo.

En mérito de lo antes expuesto, sostenemos la determinación agencial recurrida. Nada en el expediente de autos sugiere que el pronunciamiento que atendemos haya resultado de un ejercicio arbitrario atribuible al DCR. Por tanto, toda vez que el recurrente no derrotó la presunción de corrección de la resolución que nos ocupa, confirmamos la determinación administrativa recurrida.

**IV**

Por los fundamentos que anteceden, confirmamos la determinación administrativa recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones